## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>JACINTO HERNANDEZ, )<br><br>Defendant. ) | Case No. 04-20115 |

---

## MEMORANDUM AND ORDER

Jacinto Hernandez has asked this court to provide free copies of various documents from his criminal trial (Doc. 864). Mr. Hernandez explains that he needs the specified documents to assist in preparation of a petition under 28 U.S.C. § 2255, and he contends that he has been unable to get his attorneys to give the documents to him.

The court ordered Mr. Hernandez's attorneys to respond to his motion. Attorney David A. Kelly, who represented Mr. Hernandez at his sentencing and on direct appeal, asserted that he provided to Mr. Hernandez all documents that were in his possession. Mr. Kelly also noted that he never received Mr. Hernandez's original case file from attorney Robert L. Thomas, who represented Mr. Hernandez at the beginning of his case.

Mr. Thomas did not respond to this court's order for a response, and the phone number he has on file with the clerk's office has been disconnected. It appears in fact that Mr. Thomas was the subject of a disciplinary proceeding in front of the Kansas

Supreme Court and received a six-month suspension. *In re Thomas*, 193 P.3d 907 (Kan. 2008). Thus, Mr. Thomas's failure to respond to Mr. Hernandez and to this court is not entirely surprising.

Mr. Hernandez is not entitled, however, to free copies of the trial documents from this court. The Tenth Circuit has previously looked to 28 U.S.C. § 753(f), the statutory provision governing copies of transcripts to defendants, to resolve requests for other court documents. Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Although Mr. Hernandez's request for documents—and not transcripts—is not expressly governed by § 753(f), the standard set forth in § 753(f) warrants denial of his request. *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying the § 753(f) standard to a defendant's request for documents). Thus, Mr. Hernandez's request for various documents fails because he has not set forth any nonfrivolous claim. In fact, Mr. Hernandez has not demonstrated to the court any claim whatsoever, alleging only that he wishes to eventually file a § 2255 petition "to challenge the sentence imposed, or the validity of the convictions."

Moreover, a habeas petition must be filed to trigger the specific statute that grants

2

indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at * 1. Here, Mr. Hernandez requests documents in mere contemplation of a § 2255 petition and his request is therefore denied on that basis as well.

      **IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hernandez's motion for documents (Doc. 864) is denied.

      **IT IS SO ORDERED** this 28th day of April, 2009.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge

3