# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACINTO HERNANDEZ, ) <br> ) <br> Defendant. ) <br> ) | Case No. 04-20115 |

## MEMORANDUM AND ORDER

Jacinto Hernandez pled guilty to six counts of drug offenses, including conspiracy to distribute marijuana and cocaine, distribution of marijuana and cocaine, and use of a communication facility for a drug trafficking crime. He was sentenced to 288 months in prison. He filed a petition under 28 U.S.C. § 2255 and a memorandum in support. Currently under consideration is Mr. Hernandez's motion to stay proceedings, for production of documents, and to appoint counsel (doc. 877). The Government opposes that motion (doc. 879). As explained below, this motion is granted in part and denied in part.

**1.      Request to Stay Proceedings**

At the time he filed his § 2255 petition, Mr. Hernandez requested and received 45 additional days to file a memorandum in support. He filed his memo within the allotted time, but he now explains that he needs additional time to amend his previous

filings. Specifically, Mr. Hernandez asserts that he is proceeding pro so and with no previous legal experience, that English is not his first language, and that he was "duped" by a fellow inmate who provided what Mr. Hernandez calls "ineffective assistance of 'jailhouse' counsel."

Although this portion of the motion is styled as a motion to stay, in reality Mr. Hernandez is seeking time to amend his original § 2255 petition. Specifically, Mr. Hernandez wishes to develop an argument for ineffective assistance of counsel—that his attorney failed to investigate witnesses, share discovery, and discuss plea options or trial strategy.

A motion to amend a § 2255 petition is governed by Federal Rule of Civil Procedure 15, just as a motion to amend a complaint. Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . . ."). "In the absence of any apparent or declared reason–such as undue delay, . . . futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given [when justice so requires].'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Mr. Hernandez's one-year limitation period to file a § 2255 petition has expired.[1] Under Rule 15, he may amend his petition to add claims after the statute of

---

[1] The one-year limitation period for a § 2255 petition begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires," *United States v. Burch*, 202 F.3d 1274, 1279 (10th
(continued...)

limitations has expired, but those additional claims will not "relate back" if they did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition. *Mayle v. Felix*, 545 U.S. 644, 654-64 (2005). Thus, "an untimely amendment to a § 2255 motion which . . . clarifies or amplifies a claim or theory in the [original motion] may relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Gilbert Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

Thus, for Mr. Hernandez, to the extent that his proposed amendments "relate back" to claims raised in his original § 2255 petition, this court would likely allow the amendment, as "justice so requires." However, any suggested amendments that do not relate back to Mr. Hernandez's original § 2255 petition would be untimely.

Mr. Hernandez's § 2255 petition raises four arguments:

1. His attorney was ineffective for failing to tell him the statutory elements of the charges against him and the mandatory minimum sentences. As a result, his plea was not knowing or voluntary.

---

[1](...continued)
Cir. 2000), or ninety days after the appellate court affirms the conviction and sentence. *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).

The Tenth Circuit affirmed Mr. Hernandez's conviction on May 7, 2008, and since Mr. Hernandez did not file a cert petition, his one-year limitations period began ninety days after that date, or on August 7, 2008. Thus, Mr. Hernandez's one-year period expired on August 7, 2009, the date on which he timely filed his § 2255 petition.

3

2. His attorney was ineffective for failing to raise a "safety valve" argument.

3. His attorney was ineffective for failing to inform him of the "safety valve" argument, and thus his plea was not knowing or voluntary.

4. His attorney was ineffective for advising Mr. Hernandez to plead guilty despite Mr. Hernandez's representation that he was coerced into committing the crimes charged.

As noted above, in his motion to stay, Mr. Hernandez wishes to develop an argument for ineffective assistance of counsel based on his attorney's failure to investigate witnesses, his failure to share discovery, and his failure discuss plea options or trial strategy. These are *new* claims of ineffective assistance of counsel. They do not merely clarify or explain a claim raised in the original § 2255 petition; nor do they arise out of the "conduct, transaction, or occurrence" set forth in the § 2255 petition. As such, the proposed amendments do not relate back to the original § 2255 petition and they are therefore untimely.

Mr. Hernandez's request to stay proceedings so he can amend his § 2255 is denied. To the extent Mr. Hernandez requests additional time to file a reply in support of his original § 2255 petition, that request is granted. Mr. Hernandez shall have until January 4, 2010 to file a reply in support of his § 2255 petition. The previous deadline of November 30 is vacated.

**2.    Request for Documents**

Mr. Hernandez requests various documents relating to his case, including all transcripts, but particularly ones for hearings on August 15, 2006 and June 21, 2007; an

updated copy of the docket sheet, including activity related to all co-defendants; a copy of "everything on file with the Clerks office pertaining to this matter, including everything on all co-defendants"; and " a complete copy of everything on file, including work product, of each of the three (3) attorneys that represented him."

Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Mr. Hernandez asserts that the transcripts he requests will assist him in fully developing the ineffective assistance claims related to investigating witnesses, sharing discovery, and discussing plea options and trial strategy. As noted above, however, those claims are untimely because they were not raised in the initial § 2255 and because they do not relate back to the initial § 2255. Thus, his request for transcripts is denied.

As to the remaining documents, the Tenth Circuit has previously looked to § 753(f) to also resolve requests for other court documents. *See, e.g.*, *Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at \*1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at \*1 (10th Cir. Oct. 14, 1994) (applying the § 753(f) standard to a defendant's request for documents). Although the court has not yet evaluated the merits of Mr. Hernandez's § 2255 petition, it is unclear how and why the vast amount of documents he requests would be needed to resolve the claims he has

5

raised.

Additionally, the docket sheet indicates that the clerk's office mailed Mr. Hernandez a partial docket sheet on November 4, 2009. The only new entry since that time is an entry indicating the return of the certified mail receipt attached to the docket sheet and scheduling order (doc. 878) sent to Mr. Hernandez.

Mr. Hernandez's request for documents is denied.

## 3. Request to Appoint Counsel

Mr. Hernandez also asks the court to appoint him an attorney to assist with his § 2255 petition. There is, however, no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court has the discretionary ability to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), unless the matter requires an evidentiary hearing. Because an evidentiary hearing on this matter is unnecessary, and Mr. Hernandez's pro se pleadings demonstrate that he is able to effectively articulate his claims, this court denies his request for the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hernandez's motion to stay proceedings, for production of documents, and to appoint counsel (doc.

877) is granted in part and denied in part. Mr. Hernandez shall have until January 4, 2010 to file a reply in support of his § 2255 petition; the previous deadline of November 30 is vacated. The motion is denied in all other respects. Mr. Hernandez's § 2255 petition (doc. 872) remains pending.

**IT IS SO ORDERED** this 23rd day of November, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge