# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-20115** |
| | ) | |
| **JACINTO HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Jacinto Hernandez has filed a Motion to Reconsider (doc. 886), raising the following issues:

1.    Mr. Hernandez requests that the clerk's office correct his address. The court will instruct the clerk's office to update the court records to reflect the address Mr. Hernandez provided. In the future, should Mr. Hernandez wish to change his mailing address, he may send a letter to the clerk's office.

2.    Mr. Hernandez argues that his Reply (doc. 882) was timely filed. The court did not receive the document until after it had denied the underlying motion. Thus, the court construed the Reply as a motion to reconsider, evaluated the arguments it contained, and denied it (doc. 884).

Mr. Hernandez asserts that he deposited the Reply in the mail on the filing deadline and thus it was timely. Mr. Hernandez is correct that the mailbox rule governs

the timeliness of prisoners' filings. But the certificate of service Mr. Hernandez tendered

to the court indicates that his Reply was mailed only to the US Attorney's Office. As

discussed in the court's prior order, that is not the correct procedure for filing documents

with the court.

Despite Mr. Hernandez's failure to properly file his Reply with court, the court

opted to nonetheless consider the argument in that document by construing it as a motion

to reconsider.

Thus, the timeliness of Mr. Hernandez's Reply is not relevant to the ruling on his

Motion to Stay.

3.      Mr. Hernandez asserts that he has not yet received this court's November 23 order

(doc. 881) ruling on his Motion to Stay. The court will have the clerk's office mail

another copy.

4.      In denying Mr. Hernandez's previous motion to reconsider, the court included the

following legal standard:

> A motion to reconsider shall be based on (1) an intervening change in controlling
> law, (2) the availability of new evidence, or (3) the need to correct clear error or
> prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005,
> 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where
> the court has misapprehended the facts, a party's position, or the controlling law.
> *Id.* at 1012.

Mr. Hernandez asserts that the *Servants* case is not controlling because it is in the Tenth

Circuit. The District of Kansas is in the Tenth Circuit, and not the Eighth as Mr.

Hernandez claims, and so *Servants* does in fact offer the controlling legal standard for

motions to reconsider.

5.    Mr. Hernandez also challenges the substance of the court's previous decisions, arguing that his new ineffective assistance claims arise out of the same transaction and thus merely supplement the claims he raised in his original § 2255 motion.  He also contends that the court failed to identify specifically which of his new claims would be futile.

All of Mr. Hernandez's new claims would be futile.  They would all be untimely because none of them relate back to the claims in Mr. Hernandez's original § 2255.  On pages three and four of this court's order (doc. 881), which Mr. Hernandez asserts he has not yet received, this court detailed the four arguments in Mr. Hernandez's original § 2255 petition and compared them to the new claims he wished to develop.  The court concluded then, as it does now, that the new claims do not relate back to the original claims.  They are new arguments based on different events.  As such, they would be untimely and thus futile.

6.    Mr. Hernandez again request transcripts from a hearing that the court held on August 15, 2006.  He asserts that the court held a "secret hearing, behind closed doors" on that day, and that he needs the transcript of that hearing in order to develop his new ineffective assistance claims.

First, the "secret" hearing to which Mr. Hernandez refers occurred on August 15, 2006, before his plea hearing.  As is this court's practice, Government attorneys and members of the public were asked to clear the courtroom so Mr. Hernandez could speak

3

freely about his motion to substitute counsel (doc. 556). A court reporter was present, and nothing about the hearing was clandestine, other than the exclusion of the Government and the public to protect any information Mr. Hernandez wished to share with the court.

Second, Mr. Hernandez's original motion for documents specified the August 15, 2006 hearing regarding his motion to substitute counsel. Although the court reporter was present for that hearing, no transcript was ordered. And as noted here and in this court's previous orders, Mr. Hernandez may not raise the ineffective assistance claims that relate to this hearing because they would be untimely. As such, those new claims do not provide an adequate basis for providing Mr. Hernandez with transcripts.

However, in Mr. Hernandez's latest motion to reconsider, he frames his request as "transcripts of the August 15, 2006 plea hearing." The transcript of the actual plea hearing was ordered and paid for in preparation for Mr. Hernandez's appeal. Given the troubles with Mr. Hernandez's previous attorney in turning over documents, this court is willing to send Mr. Hernandez another copy of that transcript.

7. Mr. Hernandez again requests an attorney. That motion has been denied, and Mr. Hernandez's motion to reconsider fails to satisfy legal standard of *Servants.*

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk's Office shall update Mr. Hernandez's address to:

4

FCI Sandstone
Jacinto Hernandez, 10999031 F
P.O. Box #1000
Sandstone, MN 55072

**IT IS FURTHER ORDERED** that the Clerk's Office shall send Mr. Hernandez

via certified mail a copy of this court's November 23 Memorandum and Order (doc. 881)

and a copy of the Transcript of Change of Plea Hearing (doc. 782). Mr. Hernandez shall

have until January 4, 2010 to file a supplemental reply in support of his § 2255 petition,

should he wish to do so.

**IT IS FURTHER ORDERED** that Mr. Hernandez's motion to reconsider (doc.

886) is denied in all other respects.

**IT IS SO ORDERED** this 16th day of December, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge