**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-20115 |
| | ) | |
| **JACINTO HERNANDEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Jacinto Hernandez has filed a Consolidated Motion to Disqualify, Supplement (doc. 888). For the reasons discussed below, that motion is granted in part and denied in part.

First, Mr. Hernandez again explains his need for the transcript of the closed-door hearing held on August 15, 2006, regarding Mr. Hernandez's motion to substitute counsel. Mr. Hernandez claims that he needs this hearing to substantiate the ineffective-assistance claims he raised in his motion to stay, which was in effect an attempt to amend his original § 2255. As discussed many times previously, Mr. Hernandez may not raise those claims. He is limited to the arguments he included in his original § 2255 petition. Nothing Mr. Hernandez raises in this latest filing is grounds for reconsidering that position.

Mr. Hernandez argues now, however, that the transcripts of the August 15 hearing

are also needed to support his original § 2255 arguments. As this court has previously noted, the court may provide free copies of transcripts if "the suit or appeal is not frivolous and . . . the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Mr. Hernandez's motion for this transcript was originally denied because he asserted that he needed the transcripts to support the new arguments, which this court disallowed. Now, however, he contends that the transcripts also can substantiate his original § 2255 claims. As such, this court will grant this request and provide Mr. Hernandez the transcript of the August 15 hearing concerning his motion to substitute counsel.

Second, Mr. Hernandez asks the undersigned to disqualify himself under 28 U.S.C. § 455(a) for not being impartial in this case. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[D]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (quotations omitted).

In support of this motion, Mr. Hernandez identifies rulings this court made denying his requests for relief of various kinds. But "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Thus, his request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hernandez's Motion to Disqualify, Supplement (doc. 888) is granted to the extent that the court reporter is directed to prepare and file a transcript of the August 15, 2006 hearing concerning Mr. Hernandez's motion to substitute counsel. The transcript shall be sent to Mr. Hernandez via certified mail. He will have 30 days following his receipt of the transcript to file a supplemental memorandum in support of his original § 2255 petition. The Government may file a response, should it choose to do so, within 14 days of Mr. Hernandez's supplemental memorandum. And Mr. Hernandez may file a reply within 14 days of the Government's response.

**IT IS FURTHER ORDERED** that Mr. Hernandez's motion is denied in all other respects, including his request that the court be disqualified.

**IT IS SO ORDERED** this 12th day of January, 2010.

                                            **s/ John W. Lungstrum**
                                            John W. Lungstrum
                                            United States District Judge