**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-20115 |
| ) | |
| **JACINTO HERNANDEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Jacinto Hernandez has filed a "Motion to Reconsider Motion for Transcripts" (doc. 894). For the reasons discussed below, that motion is granted in part and denied in part.

Mr. Hernandez now renews his request for a transcript of the June 20, 2007 change of counsel hearing. Mr Hernandez originally requested this transcript in his Motion for Production of Documents (doc. 877) to support the new ineffective assistance claims he wished to raise. His motion to add the new claims was denied, and so was his motion for the documents supporting those claims (doc. 881).

Mr. Hernandez now asserts that he needs the June 20, 2007 transcript to support his original claims of ineffective assistance of counsel. The court may provide free copies of transcripts if "the suit or appeal is not frivolous and . . . the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Given Mr.

Hernandez's assertion that this transcript can support his original ineffective assistance claims, the court will grant this request and provide Mr. Hernandez the transcript of the June 20, 2007 change of counsel hearing.

Mr. Hernandez also asks this court to reconsider the denial of his motion to disqualify. He contends that "in addition to flawed rulings made previously by thi[s] Court, this Court engaged in Ultra Vires conduct, threats and secret hearing[s] held with no record being maintained." As previously explained, however, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Moreover, the only other example of "Ultra Vires conduct, threats and secret hearing[s]" Mr. Hernandez has described is the hearing that occurred on August 15, 2006, prior to his plea hearing. As this court previously explained:

> [a]s is this court's practice, Government attorneys and members of the public were asked to clear the courtroom so Mr. Hernandez could speak freely about his motion to substitute counsel (doc. 556). A court reporter was present, and nothing about the hearing was clandestine, other than the exclusion of the Government and the public to protect any information Mr. Hernandez wished to share with the court.

(Doc. 887.) There is nothing improper about such hearing, and so Mr. Hernandez's motion to reconsider this court's disqualification is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hernandez's "Motion to Reconsider Motion for Transcripts" (doc. 894) is **granted in part and**

2

**denied in part**.  The motion is granted to the extent that the court reporter is directed to prepare and file a transcript of the June 20, 2007 hearing concerning Mr. Hernandez's change of counsel.  The transcript shall be sent to Mr. Hernandez via certified mail.  He will have 30 days following his receipt of the transcript to file a supplemental memorandum in support of his original § 2255 petition.  The Government may file a response, should it choose to do so, within 14 days of Mr. Hernandez's supplemental memorandum.  And Mr. Hernandez may file a reply within 14 days of the Government's response.

**IT IS FURTHER ORDERED** that Mr. Hernandez's motion is denied in all other respects.

**IT IS SO ORDERED** this 27th day of January, 2010.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge