IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                     Case No. 04-20115-02-JWL

Jacinto Hernandez,

        Defendant.

## MEMORANDUM & ORDER

In August 2006, Jacinto Hernandez entered a plea of guilty, without a plea agreement, to conspiracy to distribute marijuana and cocaine; distribute of cocaine; distribution of marijuana; and use of a communication facility to facilitate a drug trafficking crime. The court ultimately determined that Mr. Hernandez's total offense level was 38 and assigned a criminal history category of I. The resulting advisory guideline range for imprisonment was 235 to 293 months. The court sentenced Mr. Hernandez to a sentence of 288 months, near the high end of the range.

This matter is before the court on Mr. Hernandez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Hernandez's total offense level is 36. With a criminal history category of I, his amended guideline range is 188 months to 235 months imprisonment. In his motion for reduction, Mr. Hernandez requests that the court resentence him to 188 months imprisonment, the low end of the range. In response, the government concedes that Mr. Hernandez is eligible

for a reduction (and the parties agree as to the amended range) but contends that the court should reduce Mr. Hernandez's sentence to 231 months—a sentence which, the parties agree, represents the same guideline point within the amended range as Mr. Hernandez's original sentence.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Hernandez at the same point within the amended range as it did in connection with Mr. Hernandez's original sentence. There is nothing in the record to suggest that a greater reduction is warranted and, for the reasons set forth in detail by the court at Mr. Hernandez's initial sentencing—including the court's belief that the drug quantities attributable to Mr. Hernandez were higher than what the government proved—a sentence near the high end of the

amended range remains appropriate.  The parties agree that a sentence of 231 months represents the same guideline point in the amended range as the court utilized in calculating Mr. Hernandez's initial sentence of 288 months.  The calculations appear accurate to the court and the court concludes that this sentence is appropriate.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hernandez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 939) is **granted as described herein** and Mr. Hernandez's sentence is **reduced from 288 months to 231 months imprisonment**.  All other provisions of the judgment dated September 28, 2007 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] As explained by Mr. Hernandez's counsel, 231 months was calculated by (1) calculating the number of months by which the original sentence exceed the low-end of the guideline range; (2) dividing that number by the number of months in the original guideline range; (3) multiplying the resulting percentage by the number of months in the amended range; and (4) adding that number to the low end of the new range.

.

4